ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 2 1 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ART GARY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0202-M |
| | § | |
| DARREN PACE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings

and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Plaintiff John Art Gary, an inmate in the TDCJ-ID,

against four employees of a McDonald's restaurant in Dallas, Texas. On January 27, 2005, plaintiff

tendered a form civil rights complaint to the district clerk and filed an application to proceed *in*

*forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that

he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma*

*pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff

in order to obtain additional information about the factual basis of this suit. *See Spears v. McCotter*,

766 F.2d 179, 181 (5th Cir. 1985). Plaintiff answered the interrogatories on March 10, 2005.[1] The

---

[1] Plaintiff also filed a motion for leave to amend his complaint in order to join Renee Perry, the restaurant
supervisor, as a defendant and to allege additional facts to support his claims. By separate order this date, the motion
for leave to amend was granted.

court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

On October 4, 2004, plaintiff entered a McDonald's restaurant, went behind the counter, and "asked" an employee to open the cash register. Almost immediately, plaintiff changed his mind and left the restaurant without any money. He was pursued by three employees--Bruce Jones, Randon Gray, and Clarence Gray Johnson. During the chase, Jones shot plaintiff in the leg. Plaintiff now contends that defendants conspired with the police to use excessive force against him, to destroy evidence, and to give false testimony at his trial. By this suit, plaintiff seeks $600,000 in compensatory and punitive damages.

## A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

### B.

Plaintiff sues defendants for civil rights violations under 42 U.S.C. § 1983.[2]  In order to maintain a cause of action under this statute, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999), *quoting Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 2785, 73 L.Ed.2d 534 (1982).  A private citizen may be liable under section 1983 only when the challenged conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999).

Courts employ various tests to determine whether a private party has acted under color of state law. *See Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003), *citing Bass*, 180 F.3d at 241-43.  Under the public function test, a private entity acts under color of state law when the entity performs a function which is "exclusively reserved to the state." *Id., quoting Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157-58, 98 S.Ct. 1729, 1734, 56 L.Ed.2d 185

---

[2] Plaintiff generally alleges that defendants violated his constitutional rights to be free from the use of excessive force, cruel and unusual punishment, malicious prosecution, and false and fabricated statements to the police. (*See Spears* Quest. #1(A)(I)).

(1978). The state compulsion or coercion test imposes liability "for a private decision only when [the state] has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id., quoting Blum*, 102 S.Ct. at 2786. The nexus or state action test finds state action where the state has "so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Id., quoting Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 357-58, 95 S.Ct. 449, 457, 42 L.Ed.2d 477 (1974).

The gravamen of plaintiff's complaint is that defendants conspired with the police to use excessive force, to subject him to malicious prosecution, and to cover-up the shooting. (*See Spears* Quest. #1(A)(I)). This implicates the nexus or state action test. In order to establish "joint activity" with a state actor, plaintiff must show that defendants acted in concert with the police and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of a constitutional right. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.), *cert. denied*, 115 S.Ct. 189 (1994). The conclusory allegations contained in plaintiff's complaint and interrogatory answers do not suggest, much less establish, any such agreement between defendants and the police. "While [plaintiff] need not produce direct evidence of a meeting of the minds, [he] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996). Stated differently, in order to survive summary dismissal, the facts alleged by plaintiff must reasonably lead to the inference that defendants and the police positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan. *Id.*; *see also Abercrombie v.City of Catoosa, Okl.*, 896 F.2d 1228, 1230-31 (10th Cir. 1990); *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983).

With respect to his excessive force claim, plaintiff makes no attempt to show that the police had any knowledge of or involvement in the shooting. Rather, it appears that plaintiff was chased by a restaurant employee and shot from behind before the police were called to the scene. This leaves plaintiff's malicious prosecution and illegal cover-up claim. The Fifth Circuit has held there is no "freestanding constitutional right" to be free from malicious prosecution. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004). Although plaintiff accuses defendants of conspiring with the police to "cover-up" the shooting and present false evidence at his trial, no facts are alleged to support that assertion. Nor does plaintiff allege any overt acts by defendants or the police in furtherance of a conspiracy. Without such evidence, plaintiff cannot demonstrate that defendants were willful participants in a "joint activity" with the state. *See Yoes v. Owens*, 2005 WL 440460 at *3 (N.D. Tex. Feb. 25, 2005) (Kaplan, J.).[3]

## C.

Plaintiff also sues for negligence, intentional infliction of emotional distress, malicious prosecution, slander, and other unspecified torts. (*See Spears* Quest. #1(A)(II)). A federal court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed. 28 U.S.C. § 1367(c)(3); *see also Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors to be considered in exercising this discretion are judicial economy, convenience, fairness, federalism, and comity. *See Rosado v. Wyman*, 397 U.S. 397, 403-04, 90 S.Ct. 1207, 1213-14, 25 L.Ed.2d 442 (1970). When all federal claims are dismissed

---

[3] To the extent plaintiff attempts to assert a conspiracy claim under 42 U.S.C. § 1985, such a claim requires proof of class-based discriminatory animus and interference with a right that is protected against private as well as official encroachment. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S.Ct. 753, 758, 122 L.Ed.2d 34 (1993). Even if plaintiff could show that defendants interfered with a right of constitutional dimension, there is no indication that defendants were motivated by class-based discriminatory animus. *See Gant v. Principi*, 2004 WL 2988549 at *3 (N.D. Tex. Dec. 27, 2004) (Kaplan, J.).

prior to trial, these factors weigh heavily in favor of declining to exercise jurisdiction. *See Bunch v. Duncan*, 2002 WL 324287 at * 4 (N.D. Tex. Feb. 27, 2002), *quoting Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendant are dismissed."). Accordingly, plaintiff's state law claims should be dismissed without prejudice.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His federal claims for civil rights violations under 42 U.S.C. § 1983 should be dismissed with prejudice. The court should decline to exercise supplemental jurisdiction over plaintiff's state law claims for negligence, intentional infliction of emotional distress, malicious prosecution, slander, and other unspecified torts. Those claims should be dismissed without prejudice.

DATED: March 21, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE