IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ART GARY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0202-M |
| | § | |
| DARREN PACE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff John Art Gary, appearing *pro se*, seeks a temporary restraining order to protect his right of access to the courts. As grounds for his motion, plaintiff alleges that corrections officers at the Clements Unit of the TDCJ-ID have confiscated his legal work, outgoing legal mail, writing materials, and personal hygiene items in violation of state and federal law and prison regulations.

An application for temporary restraining order is governed by the same factors as an application for preliminary injunction. *See Hunt v. Bankers Trust Co.*, 646 F.Supp. 59, 62 n.1 (N.D. Tex. 1986) (Sanders, J.). In order to obtain temporary injunctive relief, the movant must establish four factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the plaintiff must outweigh the threatened injury to the defendant; and (4) the granting of injunctive relief must not disserve the public interest. *Harris County, Texas v. Carmax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999), *citing Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). Conclusory allegations are not sufficient to support a claim for injunctive relief. *See Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Rather, strict

proof of each element is required before a preliminary injunction may issue. *See Plains Cotton Cooperative Ass'n of Lubbock, Texas v. Goodpasture Computer Services, Inc.*, 807 F.2d 1256, 1261 (5th Cir.), *cert. denied*, 108 S.Ct. 80 (1987).

Although plaintiff accuses prison officials of interfering with his right of access to the courts, no facts are alleged to support that conclusory assertion. Nor has plaintiff shown how he was harmed by the confiscation of his legal materials and other items. In particular, there is no indication that plaintiff has missed any deadlines or suffered any adverse consequences in any pending litigation matter. *See Lindley v. Dretke*, 2005 WL 1521709 at *2 (N.D. Tex. Jun. 27, 2005) (Kaplan, J.) (citing cases) (First Amendment right of access to courts is limited to the ability to prepare and transmit necessary legal documents). Accordingly, plaintiff is not entitled to injunctive relief.[1]

## RECOMMENDATION

Plaintiff's motion for a temporary restraining order should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The court also notes that the injunction sought by plaintiff does not relate in any way to the subject matter of his excessive force and malicious prosecution lawsuit against various Dallas police officers and McDonald's employees pending in the Dallas Division of the Northern District of Texas. To the extent plaintiff attempts to assert a claim against prison officials at the Clements Unit of the TDCJ-ID, he must do so in a separate action filed in the Amarillo Division of the Northern District of Texas.

DATED: July 12, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE