IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ART GARY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0202-M |
| | § | |
| DARREN PACE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff John Art Gary, appearing *pro se*, has filed a second amended complaint against four Dallas police officers and a third amended complaint against two Dallas County prosecutors. For the reasons stated herein, the court will allow plaintiff to amend his pleadings, but should summarily dismiss all claims against these new defendants.

I.

This is a *pro se* civil rights action brought by plaintiff, an inmate in the TDCJ-ID, arising out of a failed robbery at a McDonald's restaurant in Dallas, Texas on October 4, 2004. In his original complaint, plaintiff admits that he entered the restaurant, went behind the counter, and "asked" an employee to open the cash register. (Plf. Orig. Compl. at 4, ¶ V). However, plaintiff changed his mind and left the restaurant without any money. Three employees chased plaintiff. During the chase, one of the employees shot plaintiff in the leg. Plaintiff was subsequently convicted of robbery and is serving a 10-year prison sentence for that offense.

On January 27, 2005, plaintiff sued six McDonald's employees--Bruce Jones, Randon Gray Johnson, Randon Gray, Sandra Hicks, Bruce Jones, and Darren Pace a/k/a Darren Perry--for civil

rights violations under 42 U.S.C. § 1983 and negligence, intentional infliction of emotional distress, malicious prosecution, and slander under Texas law. Renee Perry, a restaurant supervisor, was later joined as a party-defendant. According to plaintiff, these defendants conspired with the police to use excessive force against him, to fabricate and destroy evidence, and to give false testimony at his trial. After screening the complaint and plaintiff's answers to a *Spears*[1] questionnaire, the magistrate judge determined that plaintiff failed to establish that the restaurant employees were willful participants in a "joint activity" with the police which resulted in the deprivation of a federally protected right. Without such evidence, plaintiff could not demonstrate that the private defendants acted "under color of state law." On March 21, 2005, the magistrate judge recommended that plaintiff's civil rights claims be dismissed with prejudice and that the court decline to exercise supplemental jurisdiction over his state law claims. *Gary v. Pace*, No. 3-05-CV-0202-M, 2005 WL 659036 (N.D. Tex. Mar. 21, 2005). That recommendation was adopted by the district judge on July 12, 2005.

On March 25, 2005, just four days after the magistrate judge issued his report and recommendation dismissing this case, plaintiff filed a second amended complaint asserting claims against Dallas police officers Jada Anae Brody, S.W. Griffis, Tommy Raley, and Russ Underwood. Although the precise nature of his allegations are difficult to decipher, plaintiff generally accuses these officers of conspiring with McDonald's employees to fabricate and destroy evidence and failing to prosecute the employee who shot him in the leg. Upon receipt of this amended pleading, the court sent a second *Spears* questionnaire to plaintiff in order to obtain more information about his claims against these new defendants. Plaintiff answered the questionnaire on September 22, 2005. He also filed a third amended complaint accusing Dallas County prosecutors Brian Corrigan

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

and Rachel Jones of failing to disclose exculpatory evidence and using perjured testimony at his trial. The second and third amended complaints are now before the magistrate judge for initial screening as required by 28 U.S.C. § 1915A.[2]

## II.

The court initially observes that plaintiff has neither sought nor obtained leave to file his second and third amended complaints. Fed. R. Civ. P. 15(a) provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Because plaintiff previously amended his complaint to join Renee Perry as a defendant, leave of court is required before any further amendments are permitted. Nevertheless, the court will allow plaintiff to file his second and third amended complaints so that his claims may be considered on the merits.

## III.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1)  is frivolous or malicious;

(2)  fails to state a claim upon which relief can be granted; or

(3)  seeks money relief against a defendant who is immune from

---

[2] The Prison Litigation Reform Act provides, in relevant part, that:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A-(a). The statute applies to any suit by a prisoner against certain government officials or entities regardless of whether the prisoner is proceeding *in forma pauperis*. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 2405 (1999).

such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

A.

Plaintiff contends that four Dallas police officers conspired with McDonald's restaurant employees to fabricate and destroy evidence in order to justify his arrest and secure his conviction on felony robbery charges. In a related claim, plaintiff accuses two Dallas County prosecutors of failing to disclose exculpatory evidence and using perjured testimony at his trial.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Here, plaintiff accuses the police and prosecutors of various improprieties, including fabricating evidence that he had a gun and pushed a restaurant employee to the floor during the attempted robbery. (*See* Sec. *Spears* Quest. #1). Plaintiff further alleges that prosecutors used perjured testimony at his trial and destroyed or altered a surveillance tape favorable to the defense. (*Id.*). Such claims, if proved, necessarily imply the invalidity of his robbery conviction. Plaintiff acknowledges that no state court or federal habeas court has ever determined that the terms of his confinement are invalid. (*See* Sec. *Spears* Quest. #4-5). Consequently, plaintiff cannot maintain a civil rights action against the police officers or prosecutors under 42 U.S.C. § 1983. *See Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004) (civil rights claim based on manufactured evidence and perjured testimony does not accrue until state court dismisses underlying criminal action); *Ferguson v. City of Rowlett, Texas*, No. 3-04-CV-1429-P, 2004 WL 1857130 at *2 (N.D. Tex. Aug. 18, 2004), *rec. adopted*, 2004 WL 1944082 (N.D. Tex. Aug. 31, 2004) (claim that police and prosecutor conspired to manufacture misleading videotape and present false evidence to jury in DWI case was barred by *Heck*).[3]

B.

Nor can plaintiff sue defendants for failing to prosecute the McDonald's employee who shot him in the leg. There is no federal constitutional to have someone criminally prosecuted or to investigate alleged criminal wrongdoing. *Althouse v. Hill*, No. 3-02-CV-1263-D, 2002 WL 1750794 at *2 (N.D. Tex. Jul. 25, 2002), *citing Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *see also*

---

[3] Plaintiff does not appear to seek an order releasing him from custody. Nor is plaintiff entitled to such relief until he exhausts his state remedies by presenting the factual and legal basis of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. According to plaintiff, his robbery conviction is currently pending before an intermediate state appellate court on direct review. (*See* Sec. *Spears* Quest. #5). Therefore, plaintiff has not satisfied the exhaustion requirement. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003).

*Riley v. St. Luke's Episcopal Hospital*, 252 F.3d 749, 756 (5th Cir. 2001) (government has "extraordinarily wide discretion" in deciding whether to prosecute).

To the extent plaintiff claims that the police and prosecutors conspired to protect the restaurant employees from civil liability, his claim must be analyzed under the more general right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). However, plaintiff has not shown how the actions of these defendants have prevented him from seeking legal redress for his injuries. Although this court has determined that plaintiff cannot sue the restaurant employees for federal civil rights violations and declined to exercise supplemental jurisdiction over his state tort claims, plaintiff may reurge his tort claims in Texas state court.

## **RECOMMENDATION**

Plaintiff's second and third amended complaints should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The court should enter a final judgment dismissing all claims against Jada Anae Brody, S.W. Griffis, Tommy Raley, Russ Underwood, Brian Corrigan, and Rachel Jones with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE